ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

June 25, 2007

The Honorable Richard Clark
Yoakum County Criminal District Attorney
Post Office Box 359
Plains, Texas 79355

Opinion No. GA-0552

Re: Whether a county may own or operate a medical clinic in an adjacent county without the adjacent county's consent (RQ-0560-GA)

Dear Mr. Clark:

You explain that Yoakum County (the "County") created the Yoakum County Hospital under the statutory predecessor to chapter 263 of the Health and Safety Code "to provide medical services to the people of" the County.[1] *See* TEX. HEALTH & SAFETY CODE ANN. ch. 263 (Vernon 2001 & Supp. 2006). The hospital, you state, is located in Denver City, "which sits on the [southern] border of [the County] and neighboring Gaines County."[2] Request Letter, *supra* note 1, at 1. A briefer has further informed us that while Gaines County has a hospital district, neither the Gaines County hospital district nor any other governmental health care entity covers "the municipality of Seagraves in the northern portion of Gaines County."[3] You therefore ask whether the County may own or operate a medical clinic in an adjacent county without the adjacent county's consent. *See* Request Letter, *supra* note 1, at 1, 5. Our answer is limited to the circumstances as you present them.

Section 263.021(a) of the Health and Safety Code allows a county commissioners court to "establish a county hospital or . . . medical or other health facility . . . for the care and treatment of persons who are sick or injured." TEX. HEALTH & SAFETY CODE ANN. § 263.021(a) (Vernon 2001). The hospital is governed by a board of managers, which "shall generally manage and control the hospital," including its buildings, its employees, and its patients. *Id.* § 263.046(a); *see id.*

---

[1]Letter from Honorable Richard Clark, Yoakum County Criminal District Attorney, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 1 (Jan. 8, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]The hospital's website indicates that it serves "a population area of 25,000 from western Texas and eastern New Mexico." YOAKUM COUNTY HOSPITAL, ABOUT US, *available at* http://www.ych.us/about.asp (last visited May 29, 2007). In addition to its hospital facility in Denver City, the hospital comprises a fitness and rehabilitation center, a dialysis treatment center, two clinics (a rural health clinic and a clinic in Plains), and home health care services. *See id.*

[3]Letter from Kevin A. Reed, Davis & Wilkerson, P.C., on behalf of the Texas Organization of Rural & Community Hospitals, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 1 (Feb. 14, 2007) (on file with the Opinion Committee).

§ 263.041(a). The county commissioners court and the hospital board of managers may exercise only those powers that the law expressly confers upon them and those powers that may be necessarily implied from the express powers. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003) (commissioners court); *cf. Mascarenhas v. Meridian Hosp. Auth.*, 560 F.2d 683, 685 (5th Cir. 1977) (quoting *Tri-City Fresh Water Supply Dist. No. 2 v. Mann*, 142 S.W.2d 945, 946 (Tex. 1940)) (hospital authority created under Health and Safety Code chapter 262); *Jackson County Hosp. Dist. v. Jackson County Citizens for Continued Hosp. Care*, 669 S.W.2d 147, 154 (Tex. App.—Corpus Christi 1984, no writ) (citing *Tri-City Fresh Water Supply Dist. No. 2*, 142 S.W.2d at 946; *Mascarenhas*, 560 F.2d at 685) (hospital district created by special law).

Nothing in chapter 263 expressly prohibits a county hospital from operating a clinic in an adjacent county if the two counties have not entered an agreement, but nothing expressly permits it either. *See, e.g.*, TEX. HEALTH & SAFETY CODE ANN. §§ 263.001(a) (Vernon 2001) (permitting two adjacent counties to join together to construct a hospital or health care facility); 263.028(a) (permitting a county that does not have a municipality with a population over 10,000 to contract with an adjacent county for the care of county residents); 263.080 (requiring a hospital superintendent to admit a person from an adjacent county if, among other things, "the adjacent county has contracted with the board of managers for the care and treatment of" county residents).

But in our opinion, section 263.022(c), together with a board of managers' general power to manage hospital facilities, personnel, and patients, implicitly provides the authority you seek.[4] Under section 263.022(c), a commissioners court may "purchase or lease real or personal property, or both, in an adjacent county if the court considers the purchase or lease necessary for hospital purposes." TEX. HEALTH & SAFETY CODE ANN. § 263.022(c) (Vernon 2001). Section 263.022(c) on its face permits the County to acquire property in an adjacent county if the court finds the acquisition "necessary for hospital purposes," without indicating that the adjacent county's consent is required. *Id.* Hospital purposes may include the establishment or enlargement of a "medical or other health facility" as authorized by section 263.021(a), which we interpret to include a clinic. *See id.* § 263.021(a). Because determining whether a particular acquisition is necessary for hospital purposes requires the resolution of fact questions, the commissioners court must make the determination in the first instance, subject to judicial review for abuse of discretion. *See Wichita County v. Bonnin*, 182 S.W.3d 415, 420 (Tex. App.—Fort Worth 2005, pet. denied) (indicating that a commissioners court's decisions are subject to judicial review for abuse of discretion); *see also* Tex. Att'y Gen. Op. No. GA-0446 (2006) at 18 ("Questions of fact are not appropriate to the opinion process."); *cf.* Tex. Att'y Gen. LO-97-068, at 3–4 (summarizing attorney general opinions considering whether particular activities served hospital purposes consistent with article IX, section 9 of the Texas Constitution, which pertains to hospital districts). Similarly, before the commissioners court may order an expenditure of county funds to own or operate a medical clinic

---

[4]We do not consider in this opinion whether any other legal impediment to the project exists, such as limitations in the commissioners court's order establishing the hospital or a contract with County voters. *See, e.g., Taxpayers for Sensible Priorities v. City of Dallas*, 79 S.W.3d 670, 676 (Tex. App.—Dallas 2002, pet. denied) (stating the "elementary" principle that "the proceeds of bonds voted by the people must be expended for the purposes for which they were voted" (quoting *Lewis v. City of Fort Worth*, 89 S.W.2d 975, 978 (Tex. 1936))).

in an adjacent county, it must determine that the expenditure serves a legitimate county purpose.[5] *See* TEX. CONST. art. III, § 52(a) (prohibiting the expenditure of public funds for private purposes); *id.* art. VIII, § 9(b) (permitting a county to levy taxes for four constitutional purposes only); Tex. Att'y Gen. Op. No. GA-0059 (2003) at 3 (stating that county funds may be used for county purposes only). Once the County has made the requisite determinations and acquired the property, the hospital board of managers has express authority to manage the facility, personnel, and patients consistently with legal requirements. *See* TEX. HEALTH & SAFETY CODE ANN. § 263.046(a) (Vernon 2001).

Finally, while other sections of chapter 263 appear to require a contract between counties before a county hospital may serve residents of another county, we do not believe those sections limit the exercise of a county's authority under section 263.022(c). Section 263.028 authorizes the commissioners court of a county that does not have a municipality with a population of more than 10,000 (such as Gaines County) to "contract with . . . an adjacent county for the care of residents of the county who are sick or injured." *Id.* § 263.028; *see also* UNITED STATES CENSUS BUREAU, 2000 CENSUS OF POPULATION: POPULATION FINDER, *available at* http://www.census.gov/ (population of Seminole is 5,910; population of Seagraves is 2,334) (last visited June 4, 2007). In addition, section 263.080 requires a hospital superintendent to admit to the hospital "a person sent by the commissioners court of an adjacent county if . . . [among other things] the adjacent county has contracted with the board of managers for the care and treatment of persons who are sick or injured." TEX. HEALTH & SAFETY CODE ANN. § 263.080 (Vernon 2001). These sections do not forbid a county to provide health services "on [its] own volition," in the absence of a contract. Request Letter, *supra* note 1, at 4. Likewise, section 263.050, which permits a board of managers to "establish and operate" a clinic "at the hospital or in the municipality located nearest the hospital" or "in a municipality that is located in the county and that has 5,000 or more inhabitants," neither requires that the nearest municipality be in the same county nor forbids a board of managers to operate a clinic acquired by the county under section 263.022(c). TEX. HEALTH & SAFETY CODE ANN. § 263.050(a) (Vernon 2001).

We thus conclude that a county may purchase or lease a medical clinic in an adjacent county without the adjacent county's consent under section 263.022(c) of the Health and Safety Code if the county commissioners court determines that the acquisition is "necessary for hospital purposes" and that any expenditure of county funds serves a county purpose. *Id.* § 263.022(c); *see* Tex Att'y Gen. Op. No. GA-0059 (2003) at 3. The hospital's board of managers may manage the facility, personnel, and patients consistently with legal requirements. *See* TEX. HEALTH & SAFETY CODE ANN. § 263.046(a) (Vernon 2001).

---

[5]Section 263.022(c)'s legislative history supports the conclusion that a commissioners court reasonably may find that acquiring an out-of-county clinic serves hospital purposes. *See* TEX. HEALTH & SAFETY CODE ANN. § 263.022(c) (Vernon 2001). The Legislature adopted the substance of subsection (c) in 1987. *See* Act of May 18, 1987, 70th Leg., R.S., ch. 737, § 1, 1987 Tex. Gen. Laws 2645, 2645. In hearings on the bill before the House Committee on County Affairs, Representative Criss, the bill's sponsor, testified that the bill would authorize the Mainland Center Hospital in Galveston County to purchase a clinic in the City of Alvin in Brazoria County "and operate [the clinic] as part of the county hospital." *Hearings on Tex. H.B. 1002 Before the House Comm. on County Affairs*, 70th Leg., R.S. (Mar. 17, 1987) (testimony of Representative Criss) (transcript available from House Video/Audio Dep't). In Representative Criss's words, "what this bill will allow, if a hospital . . . is servicing another county, this bill will allow them to purchase land in that county, put up a clinic or whatever." *Id.*

## S U M M A R Y

A county may purchase or lease a medical clinic in an adjacent county without the adjacent county's consent under section 263.022(c) of the Health and Safety Code if the county commissioners court determines that the acquisition is "necessary for hospital purposes" and that the expenditure of county funds serves a county purpose. TEX. HEALTH & SAFETY CODE ANN. § 263.022(c) (Vernon 2001); *see* TEX. CONST. arts. III, § 52(a); VIII, § 9(b). Once acquired, the hospital's board of managers may manage the facility, personnel, and patients consistently with legal requirements. *See* TEX. HEALTH & SAFETY CODE ANN. § 263.046(a) (Vernon 2001).

Very truly yours,

GREG ABBOTT
Attorney General of Texas


KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee